### LASKIN et al. v. MONARCH FLESHING MACH. CO.

### MONARCH FLESHING MACH. CO. v. LASKIN et al.

(Circuit Court of Appeals, Seventh Circuit.   March 1, 1924.   Rehearing Denied April 15, 1924.)

#### Nos. 3311, 3312.

1. Patents $\Longleftrightarrow$328—1,235,697, claims 1, 2, 3, 5, held valid and infringed.
   Kelling patent, No. 1,235,697. claims 1, 2, 3, 5, relating to fleshing machine, *held* valid and infringed.

2. Patents $\Longleftrightarrow$328—1,382,126, claims 1, 2, 3, 5, held valid and infringed.
   Schroedter and Kelling patent, No. 1,382,126, claims 1, 2, 3, 5, relating to improvements in fleshing machines, *held* valid and infringed.

3. Patents $\Longleftrightarrow$328—1,382,126, claim 4, held valid and infringed by one machine, but not by another.
   Schroedter and Kelling ,patent, No. 1,382,126. claim 4, relating to improvements in fleshing machines, *held* valid, and infringed by one machine, but not by another.

4. Patents $\Longleftrightarrow$328—1,382,126, claims 6, 7, 8, held invalid.
   Schroedter and Kelling patent, No. 1,382,126, claims 6, 7, 8, relating to improvements in fleshing machines, *held* invalid.

5. Patents $\Longleftrightarrow$328—1,382,126, claims 9, 10, 11, 12, held not infringed.
   Schroedter and Kelling patent, No. 1,382,126, claims 9, 10, 11, 12, relating to improvements in fleshing machines, *held* not infringed.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit by the Monarch Fleshing Machine Company against Jacob Laskin and others, copartners doing business under firm name and style of J. Laskin & Sons. From the decree, defendants appeal, and plaintiff files cross-appeal. Modified and affirmed.

The memorandum of opinion of Judge Page reads as follows:

The complaint charges infringement of claims 1, 2, 3, and 5 of Kelling patent, No. 1,235,697, dated August 7, 1917, and all of the claims of Schroedter and Kelling patent, No. 1,382,126, dated June 21, 1921, relating to improvements in fleshing machines. The alleged infringing devices are illustrated by Plaintiff's Exhibit 5, consisting of print sheet A, representing the first device, and B, representing the second device; the claim being that A infringes claims 1, 2, and 3 of patent No. 1,235,697, and that B infringes claim 5 of said patent. It is claimed that A and B infringe claims 1, 2, and 3 of

$\Longleftrightarrow$For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

patent No. 1,382,126, that A infringes claims 4 and 6 to 12, both inclusive, and that A and B both infringe claim 5.

Martin-Laskin Company was formerly in the fur business, and was succeeded by J. Laskin & Sons, defendants. In the preparation of skins, it is necessary to remove a considerable amount of the flesh that remains attached to the hide when taken from the animal. This is called "fleshing," and hence the name of the machine designed for that purpose. Defendants' predecessor had been using a fleshing machine made under E. Shroeder patent, No. 751,349, issued February 2, 1904. It proved unsatisfactory, and Kelling, who was then in their employ and was working on a fleshing machine, was urged to complete it as soon as possible, and it was suggested that he had better discontinue his work as their employee and construct a machine. He did so, and took into partnership J. O. Schroedter, and the first invention was patented August 7, 1917, under the name of J Kelling fleshing machine, patent No. 1,235.697, being the patent first above described, and on June 21, 1921, under name of Schroedter and Kelling, patent on fleshing machine was issued as No. 1,382,126, being the second patent sued on.

Machines designed and constructed under each of these patents were furnished under a contract to and used by Martin-Laskin Company and their successors, the defendants, from 1918 until May 2, 1921, at $75 per year for each machine. At one time there were as many as 18 of the machines being used by the defendants. Defendants did not discontinue the use of the fleshing machines, other than those furnished under plaintiff's patents, but substituted therefor, first A, and subsequently B.

The contentions are noninvention and noninfringement as to both patents, and more than two years' prior use of the device covered by the plaintiff's second patent before it was embodied in any application. It is urged that claims 1, 2, and 3 of plaintiff's first patent are disposed of by expired patent No. 272,114, which shows the right-angular bracket, carrying a guard. Claims 1, 2, and 3 and all other claims are combination claims, and the right-angular bracket is only one element in the combination, and I am of opinion that the disclosures of that patent should not be influential in the determination of this case. While the rotary cutting blade appears in all fleshing machines and is a very important element, and while the same is true of the guard plate, yet a very great deal of the success of a fleshing machine seems to depend upon the facility with which different adjustments may be made of the guard with relation to the fleshing knife. This grows out of the fact that a variety of sizes and kinds of skin have to be fleshed upon the same machine under different adjustments.

Defendants' brief sets out seven elements covered by Shroeder, No. 751,349, and seeks to interpret those elements and their functions. Defendants' device A and both of plaintiff's patents sued on cover means for three adjustments of the guard, viz.: (1) Radial, or the movement of the guard outwardly from the center of the rotary fleshing knife; (2) tilting of the guard, by moving either end of it outwardly and the other end inwardly to or from the center of the rotary fleshing knife; (3) the movement of the guard away from or closer to the rotary fleshing knife, so as to increase or decrease the space between them.

[1] I am of opinion that tilting could not be accomplished under the construction of the Shroeder expired patent, and that defendants' assertion in item 4 of their division of No. 751,349 into its elements was an error, and that, the clamping bolts $T^1$ operating through the slide $T$, will not permit the tilting of the guard, because of the construction of the bracket $T$ and guard $S$, as disclosed in Figure 2 of the patent, any tilting under the construction shown would have a tendency to move one end of the guard into the face of the rotary fleshing knife and move the other end away from the face of the knife. I am also of opinion that defendants' reading of claim 5, wherein they designate plate 27, bearing opening 26 and pin 25, as the plate opening and pin referred to in claim 5 of plaintiff's first patent, is wrong. Clearly the arm or pin referred to is 22 carried by the guard plate. Defendants' error in this respect seems to be responsible for the conclusion that claim 5 of the first patent is not infringed by defendants' A and B machines.

Claim 1 of plaintiff's first patent uses the words "means for adjusting said guard plate in any direction relative to the knife." This is very broad, and in that respect No. 2 is much narrower, being covered by an arm extending from the guard plate slidably and rotatably supported in a bracket carried by the machine, to hold the guard plate in adjusted positions with respect to the knife. The third claim refers to the adjustments of the guard plate, but confines the word "bracket," as used in the second claim, to a "right-angular bracket." I am of opinion that defendants' first construction, as illustrated in A, is an infringement of all three of those claims.

[2] Plaintiff's second patent, No. 1,382,126, claims 1, 2, and 3, I am of opinion, are infringed by both of defendants' A and B, because the arrangement used by defendants is a mere substitute of one mechanical device for another.

[3] Claim 4 of the second patent is valid, and infringed by A, but is not infringed by B.

For the reasons hereinabove set forth, I am of opinion that claim 5 in plaintiff's second patent does not read upon the Shroeder, No. 751,349. There is a material and patentable difference between the adjustable clamping by means of the screw and the slot through the stem head and the adjustment that can be made between the bracket $R^5$ and the guard at $T^1$ in Figure 1 of No. 751,349, and I am of opinion that both A and B infringe this claim, except in those cases where the guard is attached to the stem head by rivets. However, there is evidence that B has been used with bolts or screws, where the stem head has been enlarged so as to permit an adjustment. Such an adjustment is not permissible.

[4] I have reached the conclusion that claims 6 to 12, both inclusive, of the second patent, No. 1,382,126, are infringed by one or both of defendants' devices, but I am also of the opinion that they do not embody any patentable invention. They seem to embody the use of old and well-known elements, and do not, in the combination, present any new or useful device.

I am of opinion that the evidence does not show more than two years' prior public use of the invention covered by the second patent, and that which is by the defendants urged to be a prior public use was the use only for proper experimental purposes.

The situation here is such that the defendants should be held to strict accountability for the invasion of the rights of plaintiff, because the invention and construction of a successful fleshing machine was the result of prolonged effort on the part of plaintiff, and the defendants became the lessees and users of plaintiff's machines for a term of years, until they finally canceled their leases and commenced the use of a machine embracing substantially all of the things that plaintiff's had accomplished.

An order may be drawn, embodying the findings herein made.

Arthur L. Morsell, of Milwaukee, Wis., for plaintiff.

Leverett C. Wheeler, of Milwaukee, Wis., for defendants.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge. Appellee's bill charged appellants with infringement of appellee's United States patents, Nos. 1,235,697 and 1,382,126, both for improvements in "fleshing" machines, used for the removal of flesh or reducing the thickness from the under side of raw skins and furs. The decree found that one or both of appellants' machines A and B infringed certain claims of one or both patents, and that claims 6 to 12, inclusive, of patent No. 1,382,126, while readable on both of appellants' machines, are invalid as not embodying patentable invention. Appellants appeal from so much of the decree as holds them guilty of infringement, and appellee prosecutes a cross-appeal from so much of the decree as fails to hold both machines to be infringement

of certain claims, as to which the decree finds only one of them to have been infringed, and from the finding of invalidity of said claims 7 to 12.

In this court appellants have abandoned their appeal as to machine A, conceding the propriety of the decree of infringement with reference to that machine The opinion of Judge Page, who heard the case in the district court, sufficiently presents the facts of the case, and the reasons for the conclusions reached, and it has our approval, except as hereinafter otherwise indicated. Those interested in this litigation either already know or have ready access to that opinion, and it will not· be necessary to further swell the records of this court by here reproducing it.

[5] In the brief for appellee it is conceded that appellants' machines do not infringe claims 9 and 10 of patent No. 1,382,126, in that they do not show the element of an arcuate protector adjustably *secured or hinged to a carrying plate*. In this respect claim 11 is substantially like these two, and claim 12 seems to contemplate the same swinging or hinged connection between the arcuate protector and the machine, which is a feature not found in the alleged infringing machines. We need not consider whether there is patentable novelty in the hinging or swinging attachment to a machine of so obvious an expedient as an arcuate protector for a circular cutting knife, in view of appellants' noninfringement of the claims which embody it.

The decree should be modified, by finding claims 9, 10, 11, and 12 not infringed, instead of invalid, and it is ordered that the decree be .so modified, and, as modified, affirmed; the costs of this court to be divided between the parties.